IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY AKU QUARTEY          *

    v.                          *   CIVIL ACTION NO.  PJM-10-1766

J. D JACKSON (ACTUAL NAME JOSEPH*
 MARTEY)
                                    ***

## **MEMORANDUM**

On July 2, 2010, Plaintiff, a resident of Silver Spring, Maryland, filed this *pro se* action using a general complaint form. The Complaint seeks a "death warrant" against Defendant Martey and alleges that:

"I do not have any relationship with him. I was informed that he used my employee identity number which is preventing me from being released to work   This is the second time I have filed for this case. Please check from the Police IGP for more information. Please seize him from tracking me."   Paper No. 1 at 1-2. No further facts are provided, nor is any additional relief sought.

Plaintiff has filed neither the civil filing fee nor moved for indigency status. She shall not be required to cure this deficiency. This Court may preliminarily review the Complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Plaintiff's Complaint provides no jurisdictional or factual basis for its filing. The action shall be dismissed without prejudice for the failure to state a claim and without service of process on

Defendant.[1] A separate Order shall follow.

Date: July 8, 2010                                            /s/
                                                    PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has filed approximately twenty-one cases in this Court since December 2, 2009. Given the frivolous nature of her filings, the court concludes that affording Plaintiff the opportunity to amend her Complaint would be an exercise in futility.